## Cressman et al., Appellants, *v.* Lakoff.

*Negligence—Infant—Collision between child and horse — City street—Stepping in front of horse—Nonsuit.*

A nonsuit is properly entered in an action for personal injuries sustained by an eight-year-old boy run over by a horse in a street where it appears that the boy stepped off the sidewalk when the horse's head was but three feet away, as it was proceeding on a trot, and that the horse was stopped after it had traveled about five feet further.

Argued Jan. 15, 1919. Appeals, Nos. 61 and 62, Jan. T., 1919, by plaintiffs, from order of C. P. No. 2, Philadelphia Co., June T., 1916, No. 4252, refusing to take off nonsuit in case of John H. Cressman, by his father and next friend, Charles M. Cressman, and Charles M. Cressman, in his own right, v. Isaac Lakoff, individually and trading as Cross Keys Furniture and Storage Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ. Affirmed.

Trespass for personal injuries. Before WESSEL, J.

At the close of plaintiff's testimony a nonsuit was entered which the court subsequently refused to take off for the following reasons given for entering it:

At the time of the accident involved in this case, plaintiffs resided at No. 34 North Redfield street, which is a thoroughfare extending in a northerly and southerly direction in West Philadelphia, their home being located between Market and Filbert streets. Salford street is another thoroughfare running parallel to and about one-half square east of Redfield street.

About eight o'clock in the evening of August 9, 1916, the father, Charles M. Cressman, was seated with some

of the other members of his family on a porch in the rear of his residence. He sent his son, John H. Cressman (who was eight years of age on December 2, 1916), to the northwest corner of Salford and Market streets for the purpose of purchasing ice cream. The boy proceeded from his home out the back gate northwardly to Filbert street, then over to Salford street, and was walking in a southerly direction upon that street toward Market street. Defendant's one-horse covered wagon was proceeding northwardly across Market street. Two boys were sitting in the wagon looking toward Market street. When the horse's head had reached a point in Salford street about ten feet north of the north crossing of Market street, the child started to step off the curb. At that time the head of the horse was three feet from the child and the horse was proceeding on a trot. Instantly thereafter the child came in contact with the horse and was injured. The horse was stopped after it had traveled about five feet further. Under these circumstances I do not see how defendant can be held liable.

While contributory negligence cannot be charged against this eight-year-old child, nevertheless, before either of the plaintiffs are entitled to recover they must submit some evidence of negligence on the part of this defendant. That, in my opinion, they have failed to do. For that reason, I sustain the motion and enter a nonsuit.

The court subsequently refused to take off the nonsuit. Plaintiffs appealed.

*Error assigned* was refusal to take off nonsuit.

*John J. McDevitt, Jr.,* with him *Harry A. Gorson,* for appellants, cited: Gallagher v. Kahn, 223 Pa. 541; Castor v. Schæfer, 224 Pa. 208; Freel v. Wanamaker, 208 Pa. 279; Satinsky v. Mutual Brewing Co., 187 Pa. 57; Streitfeld v. Shoemaker, 185 Pa. 265; Ford et al. v. Deigendesch, 261 Pa. 247; Brown v. Schellenberg, 19

Pa. Superior Ct. 286;. Corpies v. Sand Co., 31 Pa. Superior Ct. 107; Mulhern v. Phila. Homemade Bread Co., 257 Pa. 22.

*William Linton,* with him *Harry A. Mackey,* for appellee.

PER CURIAM, February 17, 1919:

The material facts in this case appear in what was said by the learned trial judge in sustaining defendant's motion for nonsuit. It was properly entered, for there was no evidence of any negligence on the part of the defendant which contributed to the injuries sustained by the minor plaintiff.

Judgment affirmed.